IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERIC STE'PHON STEWART                                           PETITIONER

VS.                                  CIVIL ACTION NO. 5:17-cv-62(DCB)(FKB)

SHERIFF KENNY COTTON                                           RESPONDENT


ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation **(docket entry 11)** of Magistrate Judge F. Keith Ball. Also before the Court are the Respondent Sheriff Kenny Cotton's Motion to Dismiss **(docket entry 9)**, and the Petitioner Eric Ste'phon Stewart's Motion to Deny the Respondent's Motion to Dismiss **(docket entry 10)**. Magistrate Judge Ball recommends that this action is premature, that the Respondent's motion to dismiss is well-taken, and that this action be dismissed without prejudice.

The Petitioner, Eric Ste'phon Stewart ("Stewart"), challenges the Pike County Circuit Court's revocation of his post-release supervision and his subsequent placement in a Recidivism Reduction Program. Stewart originally pleaded guilty to burglary of a building in Pike County Circuit Court, Cause No. 15-015-PKT, on September 28, 2015. (Docket entry 9). At that time, the Circuit Court sentenced Stewart to a term of seven (7) years, with one (1) year to serve, six (6) years suspended, and post-release supervision for a period of five (5) years. Id. at p. 1. The court ordered that this sentence run concurrently with the sentence

it imposed upon Stewart in Cause No. 15-123-PKT, a separate charge of burglary of a building, to which Stewart also pleaded guilty on September 28, 2015. (Docket entry 9). In Cause No. 15-123-PKT, the Circuit Court sentenced Stewart to a term of seven (7) years, with one (1) year to serve, six (6) years suspended, followed by post-release supervision for a period of five (5) years. Id.

On March 6, 2017, petitions to revoke Stewart's post-release supervision were filed in both causes. On March 27, 2017, the Circuit Court signed an order finding that Stewart had materially violated the terms of his probation and revoked Stewart's suspended sentences in both Cause Nos. 15-123-PKT and 15-015-PKT. (Docket entry 9, Exh. 3 at p. 1). The court ordered Stewart to complete the Regimented Inmate Discipline Program and placed him in the Recidivism Reduction Program. Id. The order also stated that "[t]he balance of his sentence shall be suspended for (5) years Post Release Supervision." Id. The Order of Revocation was officially filed in the Circuit Court on April 11, 2017. Id.

Stewart signed his Petition for Habeas Corpus Relief in this Court on March 11, 2017, sixteen days before the order revoking his post-release supervision was signed. (Docket entry 1, p. 15). Attached to Stewart's petition is a Pike County Detention Center Inmate Request/Grievance Form dated May 9, 2017, in which Stewart appears to ask the Circuit Court to reconsider its revocation of his post-release supervision in both state court cases. (Docket

2

entry 1, p. 1). This Court received and filed the petition for habeas corpus relief on May 15, 2017. Id.

After Stewart filed his petition in this Court, he filed two additional motions related to the revocation of his post-release supervision in the Circuit Court of Pike County. On June 14, 2017, he filed a Motion for Immediate Judicial Review due to Enhanced Punishment and Lack of Due Process in Cause No. 15-015-PKT. (Docket entry 9, Exh. 1, p. 1; Exh. 4, p. 1). On July 5, 2017, in a single document, Stewart filed a Motion for Pre-Sentence Acknowledgment at Plea Agreement Sentencing in both Cause No. 15-015-PKT and Cause No. 15-123-PKT. (Docket entry 9, Exh. 1, p. 1; Exh. 2, p. 1; Exh. 4, p. 7). According to the State, those motions remained pending at the time it filed its Motion to Dismiss. Nonetheless, Stewart asserts that he appealed his sentences to the Circuit Court, the Judicial Performance Committee and the Bar Association. (Docket entry 1, p. 5). Stewart also admits that he did not appeal the revocation of his sentences to the Mississippi Supreme Court. Id.

The State argues that the petition should be dismissed based on Stewart's failure to exhaust available state court remedies. As Magistrate Judge Ball points out in his Report and Recommendation, before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A habeas petitioner has failed to meet the exhaustion requirement if

he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In this case, the Respondent argues that Stewart's federal habeas petition is premature because his state court remedies have not been properly exhausted.

The relevant portions of § 2254 provide as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(I) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
* * *
(3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. See Edwards v. Carpenter, 120 S.Ct. 1587 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the

4

federal habeas claim has been fairly presented to the highest state court.  Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387.

When Stewart filed his habeas petition, he had yet to give the state courts an opportunity to rule upon the motions pending in both Cause Nos. 15-015-PKT and 15-123-PKT.  The record before this Court fails to show that the Pike County Circuit Court has ruled on the claims presented, much less that the federal habeas claims have been presented to the Mississippi Supreme Court.  Accordingly, Stewart has failed to exhaust his state court remedies.

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies.  See Rhines v. Weber, 544 U.S. 269 (2005).  Under Rhines, a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust.  Id. However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances.  Id. at 277. Magistrate Judge Ball finds, and the Court agrees, that such "limited circumstances" do not exist in the instant case because Stewart fails to show "good cause" for his failure to exhaust his claims in state court.  See Reyer v. King, 2008 WL 625096 (S.D. Miss. Mar. 5, 2008)(considering Rhines and dismissing claims for

5

petitioner's failure to show "good cause").

Based on the foregoing analysis, the Court shall adopt the Report and Recommendation of Magistrate Judge F. Keith Ball and dismiss the Petitioner's action without prejudice.

ACCORDINGLY,

It is hereby ORDERED that the Report and Recommendation **(docket entry 11)** of Magistrate Judge F. Keith Ball is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the Motion to Dismiss **(docket entry 9)** filed by the Respondent Sheriff Kenny Cotton is GRANTED, and the Petitioner's Petition is DISMISSED WITHOUT PREJUDICE;

FURTHER ORDERED that Petitioner's Motion to Deny the Respondent's Motion to Dismiss **(docket entry 10)** is DENIED.

A Final Judgment dismissing this action without prejudice shall follow.

SO ORDERED, this the 22nd day of February, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE